UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAYMOND ALAN ROLON,

Plaintiff,

v.

Case No. 26-cv-1467-pp

FRANK J. BISIGNANO,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff's request indicates

that he is not employed, he is not married and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The only income the plaintiff lists is $250 per month in state assistance; he says he has $400 per month in expenses ($100 credit card payments, $300 other household expenses). Id. at 2-3. The plaintiff states that he does not own a home or a car, have any other property of value or any cash or funds in a checking or savings account. Id. at 3-4. The plaintiff states that he lives with a friend whose rent is $700 per month and sleeps on the friend's couch. Id. at 4. The plaintiff has demonstrated that he cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he was denied benefits for lack of disability, that he is disabled and that the agency improperly evaluated the evidence, failed to set forth a residual functional capacity assessment supported by substantial evidence and failed to support the final determination that the plaintiff is not disabled. Dkt. No. 1 at 1-2. The plaintiff alleges that the

conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Id. at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 28th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**